1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

| | |
|---|---|
| NICOLETA SONERIU AND IOAN I. SONERIU, husband and wife and the marital community thereof, | CASE NO. |
| | COMPLAINT |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| YALNES, INC.; SERGEY A. PETROV; PODY & MCDONALD, PLLC; PATRICK M. MCDONALD; DEAN H. PODY; and | |
| JOHN DOES 1-20, | |
| Defendants. | |

19

## I.    INTRODUCTION

20   1.1    This is an action for damages and remedies against the above-captioned

21 Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et*

22 *seq.* ("FDCPA"); the Washington Collection Agency Act, RCW §§ 19.16, *et seq.*

23

COMPLAINT - 1

24

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1   ("WCAA"); and the Washington Consumer Protection Act, RCW §§ 19.86, *et seq.* ("CPA"),

2   which prohibit debt collectors from engaging in abusive, deceptive, and unfair acts and

3   practices.

4       1.2    The above-captioned Defendants violated the above laws by, *inter alia*,

5   attempting to collect and/or collecting an alleged debt not due and owing, misrepresenting

6   the amount of the alleged debt, attempting to collect and/or collecting collection costs not

7   recoverable under Washington law, and attempting to collect and/or collecting an alleged

8   debt without a license.

9       1.3    Defendant Yalnes, Inc. ("Yalnes") also violated the CPA by, *inter alia*,

10  knowingly and unscrupulously mailing the above-captioned Plaintiffs' billing statements

11  and other correspondence to the wrong address, causing Plaintiffs to fall behind on

12  payments, and, therefore, unduly subjecting them to further collection activities.

13          **II.**      **JURISDICTION AND VENUE**

14      2.1    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and

15  1367 on the grounds of federal question jurisdiction and supplemental jurisdiction.

16      2.2    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because it is the

17  judicial district in which a substantial part of the events or omissions giving rise to this case

18  occurred, or a substantial part of property that is the subject of the action is situated.

19      2.3    Venue is proper in the Western District of Washington at Seattle pursuant to

20  Western District of Washington CR 5(e).

21  //

22  //

23

24  COMPLAINT - 2

               **B** | — L A W   O F F I C E   O F —
                     **BORIS DAVIDOVSKIY, P.S.**
                       ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1

### III.     PLAINTIFFS

2        3.1        Plaintiffs Ms. Nicoleta Soneriu and Mr. Ioan I. Soneriu ("Sonerius") are

3    natural persons residing in Snohomish County, Washington. The Sonerius are "consumers"

4    as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5

### IV.     DEFENDANTS

6        4.1        Plaintiffs Ms. Nicoleta Soneriu and Mr. Ioan I. Soneriu ("Sonerius") are

7    natural persons residing in Snohomish County, Washington. The Sonerius are "consumers"

8    as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9        4.2        Defendant Pody & McDonald, PLLC ("P&M") is a Washington State based

10   law firm that repeatedly attempted to collect and collected an alleged debt from the

11   Sonerius. P&M's registered agent is Christopher S. Beer, 2033 6th Avenue #350, Seattle,

12   WA 98121. P&M is a "debt collector" as defined by the FDCPA,15 U.S.C. § 1692a(6).

13       4.3        Defendants Patrick M. McDonald and Dean H. Pody are the owners,

14   operators, and governing, and/or managing members of P&M. Patrick McDonald and Dean

15   Pody are "debt collectors" as that term is defined under 15 U.S.C. 1692a(6). Upon

16   information and belief, Patrick McDonald and Dean Pody personally participated in: (1) the

17   formation of P&M; (2) formation of its collection policies and procedures; (3) collecting of

18   the debts of others; and (4) the agreements with homeowners' associations and/or property

19   management companies for the collection of fees and/or costs not expressly authorized by

20   Washington law. On information and belief, Patrick McDonald and Dean Pody reside in

21   King County.

22

23

24   COMPLAINT - 3



LAW OFFICE OF
BORIS DAVIDOVSKIY, P.S.
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

4.4     Defendant Yalnes is a Washington limited liability company engaged in the business of managing homeowners' associations in Washington, including the Greenbrook II Condominium Association located Snohomish County, Washington, the community where the Sonerius' reside. Yalnes' principal place of business is located in King County, Washington and within the jurisdiction of this Court. Its registered agent is Sergey A. Petrov, 3214 W McGraw St, Suite 314, Seattle, WA 98199. Yalnes engages in the collection of delinquencies, as expressly advertised on Yalnes' website, using the federal postal service, mail, and telephone, and Yalnes regularly attempts to collect debts alleged to be due to another, including to homeowners' associations.

4.5     Sergey A. Petrov is the owner, operator, and governing, and/or managing member of Yalnes. Sergey A. Petrov is a "debt collector" as that term is defined under 15 U.S.C. 1692a(6). Sergey A. Petrov regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Upon information and belief, Sergey A. Petrov personally participated in: (1) the formation of Yalnes; (2) formation of its collection policies and procedures; (3) collecting of the debts of others; and (4) the agreements with homeowners' associations for the collection of fees not expressly authorized by Washington law. On information and belief, Sergey A. Petrov resides in King County.

4.6     John Does 1-10 are employees or agents of P&M and "debt collectors" as that term is defined under 15 U.S.C. 1692a(6).

4.7     John Does 11-20 are employees or agents of Yalnes and "debt collectors" as that term is defined under 15 U.S.C. 1692a(6).

COMPLAINT - 4

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1       4.8     Plaintiffs are informed and believe and thereupon allege that each of said John

2   Does 1-20 are responsible in some manner for the events and happenings alleged herein and

3   caused the damages alleged herein. Plaintiffs may seek leave to amend this Complaint to

4   allege their true names and capacities as they are ascertained.

5       4.9     The term "Defendants" includes Yalnes, P&M, Sergey A. Petrov, Patrick

6   McDonald, and Dean Pody, and John Does 1-20.

7       4.10    On information and belief, each of Defendants is, and at all times relevant

8   herein was, the agent, employee or alter ego of each of the remaining co-defendants, and in

9   committing the acts herein alleged, was acting within the scope of their authority as such

10   agents, employees, or alter egos, and with the permission and consent of the remaining co-

11   defendants.

12   **V.    FACTS**

13       5.1     In 2013, the Sonerius purchased a condominium located at 14520 16th

14   Avenue W, #33-B, Lynnwood, WA 98087 as a personal residence.

15       5.2     Greenbrook II Condominium Association ("Association") is the homeowners'

16   association of the community in which this condominium is located.

17       5.3     When the Sonerius purchased the condominium, StrataNext, Inc.

18   ("StrataNext") was managing the Association's day-to-day affairs.

19       5.4     At the time, the Sonerius' monthly homeowners' dues were $75.00.

20       5.5     During 2013 and 2014, StrataNext would send monthly billing statements to

21   the Sonerius, and the Sonerius would pay them on time.

22

23

COMPLAINT - 5

24

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

5.6     In January 2015, however, the Sonerius received no monthly billing statements for their homeowners' dues.

5.7     Instead, in or about April 2015, approximately four months later, they received a payment booklet containing monthly coupons for 12 payments of $75.00 for the entire year of 2015, from January 2015 through December 2015.

5.8     Almost immediately after they received the payment booklet, they mailed separate payments for the prior months in the year of 2015, so as to ensure they stayed current on their monthly dues.

5.9     For the remaining of 2015, every month, the Sonerius used those payment coupons to pay their dues by mailing their payments in accordance with those coupons.

5.10    In January 2016, the Sonerius, again, received no payment booklets or billing statements for their monthly dues.

5.11    Relying on the parties' prior conduct, they thought little of the situation as they had received no billing statements or payments couples in 2015 until much later in the year.

5.12    They reasonably believed they would receive either a billing statement or a payment booklet which would tell me the amount of the payment and where to mail their payment, just like they did in the past.

5.13    In fact, according to the Association's governing documents, the Association must notify each property owner in writing of the amount of the homeowners' dues or assessments.

COMPLAINT - 6

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480       T: 425.582.5200
Mountlake Terrace, WA 98043   F: 425.582.2222

5.14    However, in or about August 2016, having still received no such notification, the Sonerius became concerned.

5.15    They immediately contacted StrataNext, which informed them that it was no longer managing the Association's affairs.

5.16    Unbeknownst to the Sonerius, the Yalnes had been hired to manage the Association's day-to-day affairs. Yalnes' responsibilities included the collection of delinquencies, just like Yalnes actively advertises on its website. In fact, Yalnes did attempt to collect on what it believed was the Sonerius' delinquent account by phone and mail.

5.17    The Sonerius were shocked and frustrated. For they had received no notices, including from Yalnes, that Yalnes was now managing the Association.

5.18    On information and belief, Yalnes had assumed the Association's management, collections, and other responsibilities in or about May 2016.

5.19    The Sonerius were confused, aggravated, and frustrated when they learned from Yalnes that, unbeknownst to the Sonerius, Yalnes had been sending all their mail to the wrong address.

5.20    What was ever more confusing and upsetting to the Sonerius was that they did not understand why—instead of sending their mail to the condominium—Yalnes would send their mail to a completely different address, which they never gave to Yalnes, StrataNext, or the Association.

5.21    Again, the Sonerius had been unaware this whole time that Yalnes was even involved with the Association.

COMPLAINT - 7

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043   F: 425.582.2222

1     5.22     On August 4, 2016, after the Sonerius had complained to Yalnes, Yalnes

2 admitted that it knew that it had entered incorrect mailing addresses into its system for some

3 of the Association's property owners, including the Sonerius.

4     5.23     One month before then, curiously, Yalnes had issued a July 2016 Newsletter

5 in which it sang own praises that it had "successfully incorporated all the Association's

6 records into their systems." This statement was false, deceptive, and misleading.

7     5.24     Further, on information and belief, as the entity responsible for the

8 Association's day-to-day affairs, including the collection of homeowners' dues, Yalnes took

9 no actions on its own to attempt to correct the errors in its system. Improperly and without

10 investigation, Yalnes continued to send the Sonerius' mail to the wrong address.

11     5.25     By this time, having still received no billing statements or payment coupons,

12 the Sonerius had no idea as to what was the status of their account, including any

13 outstanding balance or the amount of the assessments.

14     5.26     Nor were they able to obtain any meaningful information from Yalnes.

15     5.27     Thereafter, they were extremely shocked to learn that they had a past due

16 balance of approximately $1,500.00. Among other things, Yalnes' statement showed

17 unknown interest charges and monthly dues of $100.00 instead of $75.00.

18     5.28     In its subsequent communications, Yalnes claimed that the Sonerius' monthly

19 dues were $219.70, which caused even more confusion and aggravation to the Sonerius.

20     5.29     Again, although the Association's government documents expressly require

21 that the Association shall notify the owners in writing regarding the amount of the general

22 and special assessments, the Sonerius received no such notification in 2016.

23

COMPLAINT - 8

24

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

5.30     Nor did the Sonerius receive any such notification from Yalnes.

5.31     On several occasions, they tried to obtain an adequate and meaningful explanation regarding the claimed outstanding balance, all to no avail.

5.32     When the Sonerius telephoned Yalnes, Yalnes' representative told them that Yalnes had nothing to talk to them about and that, if they had any more questions, they should call their lawyer.

5.33     In the meantime, despite the lack of adequate and meaningful response to their complaints, since they now knew where to mail their payments, they paid their monthly homeowners' dues in care of Yalnes, just like they were paying them before: they mailed a $75.00 check in August 2016, a $75.00 check in September 2016, and a $75.00 check in October 2016. They mailed their payments to Yalnes' location in Seattle, WA.

5.34     The next written communication they received was a letter, dated November 11, 2016, from P&M stating that P&M was "acting as debt collector" regarding the Sonerius' alleged delinquent assessments. A copy of the letter is attached hereto as **Exhibit A** and incorporated by reference. P&M claimed that the Sonerius had "an outstanding balance of $1,431.23 for delinquent assessments through November 3, 2016."

5.35     P&M also stated in the letter that "[t]his balance does not include unbilled/unposted attorney fees and collection expenses, which will total no less than an additional $496 and which will be added to the account balance for any validated delinquent amounts."

COMPLAINT - 9

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043   F: 425.582.2222

5.36     To the Sonerius' shock, P&M's November 11, 2016 letter further stated that the Association had a lien on their property. The lien was not recorded until November 15, 2016, four days later and before the Sonerius received any communication from P&M.

5.37     The Sonerius called the Association and/or Yalnes to ask why they had not been warned by the Association and/or Yalnes before this action was taken and was told to call P&M. When the Sonerius insisted that they be given an explanation, they were told that it was "because you didn't pay your entire amount in time."

5.38     P&M's November 11, 2016 letter failed to contain any itemization of the alleged debt.

5.39     P&M's November 11, 2016 letter also threatened to charge interests and costs of collection, including attorney fees, on a monthly basis whether or not litigation is initiated, foreclose the lien against the Sonerius' condominium, bring a lawsuit against them, accelerate their assessments, and/or require security deposit of 12 months' assessments if this matter was not resolved.

5.40     Shortly after the Sonerius received P&M's November 11, 2016 letter, they contacted P&M stating that they disputed the alleged debt. First, they disputed the amount of the alleged debt. The Sonerius previously paid all their dues on time and were never notified about any alleged increases in their homeowners' dues or any alleged special assessments, even though the Association's governing documents expressly require that the Association shall notify the owners in writing of the amount of any general and special assessments. They have repeatedly requested an explanation of their account so that they could understand the charges. No meaningful explanation has been provided to them. As such, the

COMPLAINT - 10

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1    Sonerius continue to believe their account is in error. Second, having received no prior

2    notices regarding the alleged delinquent assessments, the Sonerius effectively disputed they

3    were in default or delinquent and the propriety of being sent to collections and charged

4    associated fees and costs.

5        5.41    Additionally, on information and belief, the common area they were paying

6    the Association to maintain had been neglected and no attempts were made to correct the

7    problem. Among other things, the Association failed to clear the common areas of snow and

8    ice.

9        5.42    P&M asked the Sonerius to fax any documentation supporting their position.

10       5.43    Later, the Sonerius learned that P&M charged them a $442.00 fee for

11   reviewing those documents.

12       5.44    In the meantime, they received a November 28, 2016 letter regarding the

13   "collections policy for accounts which are in arrears." This is the policy that, *inter alia*, all

14   delinquent accounts will be handled through an attorney and assessed interest and "legal

15   charges." This is the policy that purportedly explained how delinquent accounts would be

16   handled.

17       5.45    On information and belief, this "collections policy" was adopted after the

18   Sonerius received any communication from P&M and did not go into effect, if at all, until

19   January 1, 2017.

20       5.46    By letter dated December 22, 2016, P&M acknowledged that the Sonerius

21   disputed the balance owed on their account but stated that the Association did not agree to

22   waive any of the charges. The letter also stated that the Sonerius now owed $2,302.28. The

23

24   COMPLAINT - 11

1  discrepancy between the two claimed amounts was not explained in the letter. A copy of this

2  letter is attached hereto as **Exhibit B** and incorporated by reference.

3       5.47     The December 22, 2016 letter also threatened that the lien will not be released

4  unless the Sonerius paid the alleged balance in full.

5       5.48     Importantly, the Sonerius were in the process of attempting to refinance the

6  loan encumbering their condominium. They were concerned about the impact of

7  Defendants' collection actions on, *inter alia*, their credit rating and the entire refinance

8  process. They thought they had no choice but to pay the alleged debt.

9       5.49     According to a purported accounting ledger received from P&M, the principal

10 balance was $1,662.28, which they paid in full in late December 2016. *See* Exhibit B. They

11 withheld payment of the remaining balance, which purportedly constituted the $442.00 fee

12 P&M charged for purportedly validating the alleged debt and a $73.00 "lien Release

13 recording fee," because they believed that Defendants had improperly charged those fees.

14      5.50     In or about January 2017, the Sonerius received another letter, dated January

15 6, 2017, from P&M threatening that the lien will not be released unless they paid the

16 demanded payment of $645.01, which included attorney fees and costs.

17      5.51     The January 6, 2017 letter also included a confusing copy of a purported

18 account ledger, which contained handwritten additional fees or costs. A copy of this letter is

19 attached hereto as **Exhibit C** and incorporated by reference.

20      5.52     Despite the lack of adequate and meaningful response to their complaint, the

21 Sonerius made payments on their account.

22

23

COMPLAINT - 12

24

LAW OFFICE OF
**B** **BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1        5.53      While P&M was attempting to collect the alleged debt, by email dated

2 February 9, 2017, Yalnes claimed that, as of November 30, 2016, the Sonerius had an

3 outstanding balance of $1,360.15, although P&M had stated in the November 11, 2016 letter

4 that the balance through November 3, 2016, was $1,431.23. The discrepancy between the

5 several claimed amounts was not explained in Yalnes' email.

6        5.54      Yalnes' February 9, 2017 email also claimed that the Sonerius' account "was

7 turned over to the attorney in December 2016, although P&M had issued the November 11,

8 2016 letter regarding the alleged debt. Yalnes' provided inaccurate or misleading

9 information to the Sonerius and misrepresented the level of attorney involvement in their

10 case. On information and belief, P&M did not act in the legal capacity when sending that

11 letter.

12        5.55      Causing further confusion and frustration to the Sonerius, Yalnes' February 9,

13 2017 email also claimed that "the amount due to your account by [February 15, 2017] is

14 $179.80."

15        5.56      However, by letter dated that same day, February 9, 2017, P&M claimed that

16 the remaining balance at the time was $344.78. A copy of this letter is attached hereto as

17 **Exhibit D** and incorporated by reference.

18        5.57      P&M's February 9, 2017 letter also threatened that the lien would not be

19 released unless the Sonerius paid the alleged balance in full and included a ledger with a

20 handwritten note that $344.74 included a "January legal" fee of $26.00 and an "est. February

21 legal" fee of $26.00.

22        5.58      By that time, the Sonerius' frustration and aggravation became even worse

23

24 COMPLAINT - 13

5.59    They had no idea what the January and February fees were for. Nor did P&M's statement provide any explanation. On information and belief, the Sonerius had not yet incurred the "estimated" February fee at the time.

5.60    This ledger also contained late fee and interest charges, as well as misleading information inconsistent with the information previously received from Defendants.

5.61    For example, the ledger dated January 5, 2017 stated that the Sonerius made the $1,662.28 payment on December 28, 2016. *See* Exhibit C. However, the ledger dated February 8, 2017 stated that that payment was made on January 3, 2017, presumably after the policy regarding collections went into effect. *See* Exhibit D.

5.62    Similarly, the ledger, dated January 5, 2017, stated that attorney fees of $442.00 and $106.00 were applied on November 30, 2016, and December 30, 2016, respectively; while the ledger dated February 8, 2017 stated that those fees were applied on December 2, 2016, and January 11, 2017, respectively.

5.63    Further, by letter dated February 24, 2017, P&M claimed that the remaining balance was $545.54. A copy of this letter is attached hereto as **Exhibit E** and incorporated by reference. Yet, Yalnes claimed that the Sonerius' balance as of that date was $243.17.

5.64    P&M's February 24, 2017 letter also included a confusing copy of a purported ledger, with certain entries crossed out by hand, that the Sonerius had been charged a $35 fee in addition to other fees. *See* Exhibit E. However, the Sonerius had mailed the payment at issue on time. This was not the first time the Sonerius were charged a late fee even though they had mailed their payment on time.

COMPLAINT - 14



LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043   F: 425.582.2222

5.65    The Sonerius telephoned P&M to inquire about all the discrepancies and confusions. They asked P&M whether P&M would charge them for the call and for answering their questions. In response, the person answering the phone rudely said "I am not going to break the law for you" and hung up the phone.

5.66    Upon information and belief, Yalnes engages in a pattern and practice of posting timely received payments until after the deadline so as to assess late fees.

5.67    By letter dated March 15, 2017, P&M produced a similarly confusing ledger containing certain entries crossed out by hand. A copy of this letter is attached hereto as **Exhibit F** and incorporated by reference.

5.68    By letter dated March 21, 2017, P&M informed the Sonerius that their account was now paid in full through March 2017. The March 21, 2017 letter further stated that "[e]nclosed for your review is a copy of your updated ledger showing the calculation of the balance." In fact, the March 21, 2017 letter included no account ledgers. A copy of this letter is attached hereto as **Exhibit G** and incorporated by reference.

5.69    The Sonerius were never given a copy of the final ledger.

5.70    That same day, Yalnes falsely claimed that the Sonerius owed $667.28. A copy of the screenshot of Yalnes' website is attached hereto as **Exhibit H** and incorporated by reference.

5.71    Due to Defendants' actions, the Sonerius have, thus far, been unable to obtain a refinancing of the property.

5.72    The Sonerius believed that Defendants' actions were illegal. Accordingly, they sought assistance of counsel.

COMPLAINT - 15

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1     5.73     Upon information and belief, P&M engages in a pattern and practice of

2  unlawful debt collection practices.

3     5.74     As a direct consequence of Defendants' actions or inactions, the Sonerius have

4  suffered and continues to suffer actual damages, including: (a) lost time; (b) embarrassment

5  and humiliation; (c) aggravation and frustration; (d) fear; (e) anxiety; (f) financial

6  uncertainty; (g) unease; (h) emotional distress, including from false, improper, and

7  confusing nature of Defendants' collection efforts; and (i) expenses, including in seeking

8  and retaining counsel.

**VI.    THE FAIR DEBT COLLECTION PRACTICES ACT**

6.1     The obligation to pay a condominium assessment constitutes debt under the
FDCPA when the condominium was purchased as a personal residence. *See Haddad v.
Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 293 (6th Cir. 2012). *Miller
v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir.
2000).

6.2     The FDCPA is a strict liability statute. *Reichert v. Nat'l Credit Sys., Inc.*, 531
F.3d 1002, 1004 (9th Cir. 2008).

6.3     The FDCPA is designed to protect consumers who have been victimized by
unscrupulous debt collectors, regardless of whether a valid debt exists. *Baker v. G. C. Servs.
Corp.,* 677 F.2d 775, 777 (9th Cir. 1982).

6.4     The FDCPA does not limit liability to business entities or employers; rather,
liability extends to all "debt collectors." The principles of vicarious and joint and several
liabilities also apply.

COMPLAINT - 16

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

6.5     Further, courts apply the FDCPA using a "least sophisticated consumer" standard, which ensures that the "FDCPA protects all customers, the gullible as well as the shrewd ... the ignorant, the unthinking, and the credulous." *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006). The "least sophisticated consumer" standard presents a lower bar for a plaintiff to overcome than does the familiar "reasonable person" standard. *Terran v. Kaplan,* 109 F.3d 1428, 1431–32 (9th Cir.1997).

6.6     Under certain federal statutes, including the FDCPA, emotional distress damages are available as a possible species of damages to be proven under the federal standard of proof. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 157 (2003) (holding that "without proof of physical manifestations of the claimed emotional distress" a plaintiff can still recover emotional distress damages under the Federal Employers' Liability Act).

### Violation of 15 U.S.C. § 1692e
(Against P&M: Counts 1 – 16)
(Against Yalnes: Counts 1 – 8)

6.7     The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

6.8     Under 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This includes:

    i.    false representation of the character, amount, or legal status of any debt (§ 1692e(2));

    ii.    The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action (1692e(4));

COMPLAINT - 17

**B|D**   LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

iii.    The threat to take any action that cannot legally be taken or that is not intended to be taken (1692e(5)); and

iv.    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (1692e(10)).

6.9    Virtually all Defendants' actions described here constitute false, deceptive, or misleading representations or means in connection with the collection of an alleged debt, including but not limited to the following as separate and distinct violations:

i.    P&M asserting in the correspondence that collection costs could be assessed against the Sonerius. However, in Washington, such costs are not recoverable. *See* RCW 19.16.250(21).

ii.    P&M and Yalnes asserting in the correspondence that the Sonerius were delinquent on their assessments when in fact they were not because they had received no written notices of the amounts of the assessments.

iii.    P&M and Yalnes asserting in the correspondence that interest had accrued on the account, even though the account was not delinquent or otherwise in default.

iv.    P&M asserting in the correspondence that P&M was acting as debt collector even though it never registered as such, contrary to Washington law.

v.    P&M asserting in the correspondence that attorney fees could be assessed against the Sonerius. However, in Washington, reasonable attorney fees are available only by statute or contract. The applicable collection policy did not go into effect until January 1, 2017, nor did Sonerius breach any of their contractual obligations.

vi.    P&M threatening to not release the lien when the lien was improperly asserted and recorded (each occasion being a violation).

vii.    P&M threatening to foreclose the lien against the Sonerius' condominium.

viii.    P&M threatening to collect a debt, including while acting as a collection agency without a license.

ix.    P&M threatening to bring a lawsuit against the Sonerius, including while acting as a collection agency without a license.

COMPLAINT - 18

x.  P&M threatening to accelerate their assessments, and/or require security deposit of 12 months' assessments, even though the Sonerius were not delinquent or otherwise in default.

xi.  P&M and Yalnes demanding amounts not owed (each occasion being a violation).

xii.  P&M and Yalnes misstating and/or misrepresenting the amount of the alleged debt (each occasion being a violation).

xiii.  P&M representing in written correspondence that the Sonerius owed "estimated" legal fees when in fact these amounts were not owed.

xiv.  P&M and Yalnes providing the Sonerius with inaccurate and inconsistent accounting information, including confusing and misleading account ledgers and statements.

xv.  P&M representing in written correspondence in March 2017 that a ledger showing the calculations was included when in fact no such ledger was included.

xvi.  Yalnes and P&M misrepresenting the level of attorney involvement in their case.

xvii.  Yalnes mailing the Sonerius' billing statements to the wrong address.

xviii.  Yalnes contacting the Sonerius directly after receiving notice that any communication should be directed to the Sonerius' counsel.

6.10    Accordingly, P&M violated 15 U.S.C. § 1692e, and/or its subsections, on at least seven (16) occasions, and Yalnes violated 15 U.S.C. § 1692e, and/or its subsections, on at least seven (8) occasions

6.11    The Sonerius are entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

//

//

COMPLAINT - 19

**BD**  LAW OFFICE OF
BORIS DAVIDOVSKIY, P.S.
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

**Violation of 15 U.S.C. § 1692f**
(Against P&M: Counts 17 – 32)
(Against Yalnes: Counts 9– 16)

6.12    The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

6.13    Under 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

6.14    The foregoing allegations constitute unfair and unconscionable means to collect or attempt to collect a debt.

6.15    Defendants have used unfair or unconscionable means to collect or attempt to collect charges, finance interest, and attorney fees in excess of the collection charges interest, and attorney fees expressly allowed by law, in violation of 15 U.S.C. § 1692f and other provisions of the FDCPA.

6.16    Accordingly, P&M violated 15 U.S.C. § 1692f, and/or its subsections, on at least seven (16) occasion, and Yalnes violated 15 U.S.C. § 1692f, and/or its subsections, on at least seven (8) occasions.

6.17    The Sonerius are entitled to recovery statutory damages, actual damages and reasonable attorney fees and costs.

**Violation of 15 U.S.C. § 1692g**
(Against P&M: Count 33)
(Against Yalnes: Counts 17)

6.18    The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

COMPLAINT - 20

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

6.19 Under 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that a consumer has the right to dispute and seek verification of the debt; and (4) the consumer's right to request the name and address of the original creditor. The debt collections also have a duty to state in its initial written communication that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (2000).

6.20 Defendants failed to comply with these duties.

6.21 Yalnes failed to include in its initial communication to the Sonerius that they had a right to request verification and/or validation of the alleged debt. Again, Yalnes is a debt collector subject to the FDCPA in part because the Sonerius were allegedly delinquent when Yalnes was hired by the Association.

6.22 Defendants failed to state in their initial written communication to the Sonerius that the amount of the debt might vary from day to day.

6.23 Defendants failed to notify the Sonerius in their initial written communication of their right to obtain an up to date amount of the debt allegedly due.

6.24 Accordingly, Defendants violated 15 U.S.C. § 1692g.

6.25 The Sonerius are entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

COMPLAINT - 21

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480 T: 425.582.5200
Mountlake Terrace, WA 98043 F: 425.582.2222

**Violation of 15 U.S.C. § 1692c**
(Against Yalnes: Count 18)

6.26    The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

6.27    Under 15 U.S.C. § 1692c(a), without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

6.28    In April 2017, the Sonerius' counsel informed Yalnes that any verbal or written communication regarding this matter should be directed to their Sonerius' counsel.

6.29    Thereafter, Yalnes continued to communicate directly with the Sonerius.

6.30    Accordingly, Yalnes violated 15 U.S.C. §§ 1692c.

## VII.    WASHINGTON'S COLLECTION AGENCY ACT

7.1    The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

7.2    Defendants violated the WCAA.

7.3    The Sonerius are "debtors" as defined by RCW § 19.16.100(7).

7.4    P&M is a "collection agency" as defined by RCW § 19.16.100(4)(a).

COMPLAINT - 22



LAW OFFICE OF
BORIS DAVIDOVSKIY, P.S.
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480      T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

7.5     Yalnes is a "collection agency" as defined by RCW § 19.16.100(4)(a). Yalnes was attempting to collect the alleged debt or claim on behalf of a third-party, here, the Association. The debt or claim in question was allegedly in default when Yalnes was hired by the Association. As such, Yalnes was attempting to collect a debt unrelated to the operation of a business other than that of a collection agency. In the alternative, Yalnes, as the alleged creditor's agent, used a name other than that of the alleged creditor and thus indicated to the Sonerius that a third person, here, Yalnes, was collecting or attempting to collect the alleged claim or debt.

7.6     Defendants are a "licensee" or employees of a "licensee" as that term is defined by RCW § 19.16.100(9).

7.7     Defendants wrongfully sought to collect a "claim" from the Sonerius as defined by RCW § 19.16.100(2).

7.8     Defendants participated in conduct or with knowledge approved of conduct in violation of the WCCA to include, but not limited to, the following:

**Violation of RCW 19.16.250(8) and RCW 19.16.250(9)**
(Against P&M: Count 34)
(Against Yalnes: Count 19)

7.9     The WCAA requires that collection agencies obtain licenses.

7.10     Defendants were attempting to collect the alleged debt on behalf of the Association, a third party creditor, and not in their true names.

7.11     Defendants' respective collection activities were unrelated to the operation of a business other than that of a collection agency.

COMPLAINT - 23

LAW OFFICE OF
**BD** **BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1       7.12     P&M has never obtained a collection agency license and thus violated the

2   WCAA, including RCW 19.16.110 and RCW 19.16.260. *See, e.g., Snyder v. Daniel N.*

3   *Gordon, P.C.*, 2012 WL 3643673, at \*6 (W.D. Wash. 2012).

4       7.13     Yalnes has never obtained a collection agency license and thus violatedbthe

5   WCAA, including RCW 19.16.110 and RCW 19.16.260.

6              **Violation of RCW 19.16.250(8) and RCW 19.16.250(9)**
                       (Against P&M: Count 35)

7                       (Against Yalnes: Count 20)

8       7.14     Under RCW 19.16.250(8), a collection agency must provide numerous pieces

9   of information in its debt collection attempts, including but not limited to itemization of

10   amounts owed, the name of the collection agency and its address, and the name of the

11   original creditor.

12       7.15     On information and belief, the emails Yalnes sent to the Sonerius in or about

13   August 2016 were the first written communication to the Sonerius from Yalnes. Yalnes

14   failed to communicate the amount owing on the obligation at the time Yalnes was hired by

15   the Association, nor was there an itemization of the claim or identification of any

16   components of the claim in any meaningful capacity.

17       7.16     On information and belief, P&M's November 11, 2016 letter was the first

18   written communication to the Sonerius from P&M. On information and belief, this letter did

19   not include, among other things, an itemization of amounts owed.

20       7.17     Defendants failed to comply with and thus violated RCW 19.16.250(8) and/or

21   RCW 19.16.250(9).

22   //

23

24   COMPLAINT - 24

LAW OFFICE OF
BORIS DAVIDOVSKIY, P.S.
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

**Violation of RCW 19.16.250(12)**
(Against Yalnes: Count 21)

7.18    RCW 19.16.250(12) prohibits any communication with the debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney.

7.19    Yalnes violated RCW 19.16.250(12) by communicating with the Sonerius, the alleged debtor, after notification in writing from an attorney representing them that all further communications should be addressed to their attorney.

7.20    Despite having written communication from the Sonerius' attorney, and acknowledgment of that correspondence by a return email, Yalnes still contacted the Sonerius on several occasions.

7.21    Accordingly, Yalnes violated RCW 19.16.250(12) in at least several instances.

**Violation of RCW 19.16.250(13)**
(Against P&M: Counts 36)
(Against Yalnes: Count 22)

7.22    RCW 19.16.250(13) prohibits any communication with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of force or violence, by threats of criminal prosecution, and by use of offensive language.

7.23    As a result of Defendants' above-described actions, the Sonerius were harassed, intimidated, threatened, and embarrassed.

COMPLAINT - 25

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1    7.24    Defendants above-described actions, including threats to take actions that

2    could not be legally taken and communications with the Sonerius in a manner designed to

3    intimidate and frighten them into paying the alleged debt, violated RCW 19.16.250(13).

4    **Violation of RCW 19.16.250(15)**
(Against P&M: Counts 37)

5    (Against Yalnes: Count 23)

6    7.25    RCW 19.16.250(15) prohibits any communication with the debtor

7    representing or implying that the existing obligation of the debtor may be or has been

8    increased by the addition of attorney fees, investigation fees, service fees, or any other fees

9    or charges when in fact such fees or charges may not legally be added to the existing

10    obligation of such debtor.

11    7.26    The Sonerius re-allege the foregoing allegations and incorporate these

12    allegations by reference as if fully set forth herein.

13    7.27    Defendants violated RCW 19.16.250(15) by representing or implying that the

14    exiting obligation may be or has been increased by the addition of attorney fees,

15    investigation fees, service fees, or any other fees or charges when in fact such fees or

16    charges may not legally be added to the existing claimed obligation.

17    7.28    Accordingly, Defendants violated RCW 19.16.250(15) on numerous

18    occasions.

19    **Violation of RCW 19.16.250(16)**
(Against P&M: Counts 38-45)

20

21    7.29    RCW 19.16.250(16) prohibits threats to take any action against the debtor

22    which the collection agency cannot legally take at the time the threat is made.

23

24    COMPLAINT - 26

**B** | LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

7.30      The Sonerius re-allege the foregoing allegations and incorporate these allegations by reference as if fully set forth herein.

7.31      P&M threatened to take action P&M could not legally take when P&M:

   i.   Threatened to add interest to the principal.

   ii.   Threatened to add collection costs to the principal.

   iii.   Threatened to add reasonable attorney's fees to the principal.

   iv.   Threatened to not release the lien when the lien was improperly asserted and recorded (each occasion being a violation).

   v.   Threatened to foreclose the lien against the Sonerius' condominium.

   vi.   Threatened to collect a debt, including while acting as a collection agency without a license.

   vii.   Threatened to bring a lawsuit against the Sonerius, including while acting as a collection agency without a license.

   viii.   Threat Threatened ening to accelerate the assessments, and/or require security deposit of 12 months' assessments, even though the Sonerius were not delinquent or otherwise in default.

7.32      Accordingly, P&M violated RCW 19.16.250(16) at least on eight (8) occasions.

**<u>Violation of RCW 19.16.250(21)</u>**
(Against P&M: Counts 46)
(Against Yalnes: Count 24)

7.33      RCW 19.16.250(21) prohibits the collection or attempted collection of any amounts in addition to the principal amount of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

COMPLAINT - 27

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480      T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

7.34    Defendants violated RCW 19.16.250(21) by collecting or attempting to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees *expressly authorized by statute*.

7.35    Defendants demanded money (by phone and in the written correspondence) for a obligation that was not in fact delinquent or otherwise in default; thus, all interest and fees stemming from the alleged obligation were not allowable.

7.36    Even if the obligation was in default, Defendants sought amounts which could not be legally collected.

7.37    P&M also attempted to recover certain collection costs, contrary to Washington law.

7.38    P&M attempted to collect an estimated legal fee which was not due and, therefore, not permitted.

7.39    Each attempt to collect money from the Sonerius constitutes a separate attempt to collect the debt.

7.40    Accordingly, Defendants violated RCW 19.16.250(21) upon each debt collection attempt, including but not limited to, the telephone calls and the letters.

7.41    Accordingly, Defendants violated RCW 19.16.250(21) on several occasions.

**Violation of RCW 19.16.250(22)**
(Against P&M: Counts 47)
(Against Yalnes: Count 25)

7.42    Under RCW 19.16.250(22), a collection agency may not procure from a debtor or collect or attempt to collect on any written note, contract, stipulation, promise or

COMPLAINT - 28

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1    acknowledgment under which a debtor may be required to pay any sum other than principal,

2    allowable interest.

3        7.43     Through telephone calls and written correspondence with the Sonerius,

4    Defendants procured a promise, collected, and attempted to collect sums other than principal

5    and allowable interest in the form of illegal interest, collection costs, and attorney fees

6        7.44     Accordingly, Defendants violated RCW 19.16.250(22).

7            **VIII.**    **WASHINGTON'S CONSUMER PROTECTION ACT**

8        8.1     The Sonerius re-allege the foregoing allegations and incorporate these

9    allegations by reference as if fully set forth herein.

10       8.2     Under the CPA, "unfair or deceptive acts or practices in the conduct of any

11   trade or commerce" are unlawful. To prevail in a private claim under the Act, a plaintiff

12   must establish five elements: (1) unfair or deceptive act or practice; (2) occurring in trade or

13   commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or

14   property; and (5) causation. *Hangman Ridge Training Stables, Inc v. Safeco Title Ins. Co.,*

15   105 Wn.2d 778, 780 (1986).

16       8.3     Even minimal or nominal damages constitute "injury" under the CPA. *Panag*

17   *v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 57 (2009). In fact, no monetary damages

18   need be proven and that non-quantifiable injuries, such as loss of goodwill would suffice.

19   *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987).

20       8.4     Defendants violated the CPA.

21       8.5     Defendants' violations include, but are not limited to, the following:

22      a)  A violation of the FDCPA is a *per se* violation of the CPA. *Panag*, 166 Wn.2d at 53.

23

24   COMPLAINT - 29

LAW OFFICE OF
**B** **BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480    T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

b)  A violation of the WCAA is a *per se* violation of the CPA. *Panag*, 166 Wn.2d at 53 ("[c]onsumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA..."); s*ee also* RCW 19.16.440. Any violation of the WCAA prohibited practices section, RCW 19.16.250, or licensing sections is an unfair act or practice and/or unfair method of competition in the conduct of trade or commerce affecting public interest.

c)  These violations caused the Sonerius to suffer actual and statutory damages, and the Sonerius are meant to be protected by the WCAA from unlawful collection practices.

d)  These violations caused the Sonerius to suffer "injury" as that term is defined in the relevant case law.

e)  Yalnes also violated the CPA by, *inter alia*, unscrupulously mailing and continuing to mail the Sonerius' billing statements and other correspondence to the wrong address, causing the Sonerius, unbeknownst to them, to fall behind on payments, and, therefore, unduly subjecting them to further collection activities and associated expenses, including by P&M, all the while Yalnes knew that it had entered incorrect mailing information in its system for the Sonerius.

f)  Yalnes also failed to post the Sonerius' timely received payments to their account until after the deadline so as to cause them to incur late fees and any related charges.

g)  Yalnes issued false statement to the Sonerius and other members of the Association that Yalnes had "successfully incorporated all the Association's records into their systems" when, in fact, Yalnes knew this representation was false.

COMPLAINT - 30

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480      T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

h) Defendants' improprieties, violations, and misrepresentations, as alleged in this complaint, constitute unlawful, deceptive, and unfair business acts within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*

i) Defendants' business practices had the capacity to affect members of the public.

j) Defendants' wrongdoings occurred in the course of their business.

k) Additional plaintiffs may have been injured in the same manner as the Sonerius in this case.

l) But for Defendants' violations of the FDCPA, the WCAA, and the CPA, the Sonerius would not have the established injuries.

8.6     Defendants, personally and/or by and through their agents, employees, policies, and procedures have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the Sonerius.

8.7     Moreover, Sergey Petrov, Patrick McDonald, and Dean Pody created, participated in, or with knowledge approved of, Defendants' practices and procedures that violated the CPA; thus, making them personally liable. *See, e.g., State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 322 (1976).

8.8     Overall, P&M committed at least forty seven (47) *per se* CPA violations, and Yalnes committed at least twenty eight (25) *per se* CPA violations.

8.9     Similarly, Defendants John Does 1-20 are high level employees or agents of Defendants entities that created, participated in, or with knowledge approved of Defendants' practices and procedures that violation the CPA, making them personally liable.

//

COMPLAINT - 31

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

**Separate CPA violations**

8.10    The Sonerius re-allege P&M's Counts 1 – 16 and Counts 33 – 47 as separate CPA violations, totaling thirty one (31) additional CPA violations on P&M's part.

8.11    The Sonerius re-allege Yalnes Counts 1 – 8 and Counts 9 – 25 as separate CPA violations, totaling seventeen (17) additional CPA violations on Yalnes' part.

8.12    Defendants' improprieties, violations, and misrepresentations, as alleged in this Complaint, constitute unlawful, deceptive, and unfair business acts within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

8.13    Defendants' business practice, as described here, is unfair and deceptive.

8.14    Defendants' business practice had the capacity to affect members of the public. The defendants' wrongdoings occurred in the course of their business.

8.15    At all times material hereto, Defendants advertised and offered services the public at large. Additional plaintiffs may have been injured in the same manner the Sonerius.

8.16    As a direct result of Defendants' conduct, the Sonerius have been harmed and continues to be harmed.

8.17    P&M committed at least 31 separate CPA violations in addition to the above-described 47 WCAA and FDCPA separate *per se* violations of the CPA.

8.18    Yalnes committed at least 17 separate CPA violations in addition to the above-described 25 WCAA and FDCPA separate *per se* violations of the CPA.

8.19    RCW 19.86.140 authorizes a penalty of $2,000.00 per violation.

8.20    RCW 19.86.090 authorizes treble damages to a limit of $25,000.00.

COMPLAINT - 32

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR
6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

1

## IX.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

2        9.1      The Sonerius re-allege the foregoing allegations and incorporate these

3   allegations by reference as if fully set forth herein.

4        9.2      Defendants could foresee that their actions would harm the Sonerius.

5        9.3      Defendants had a duty to the Sonerius.

6        9.4      Defendants breached their duty to the Sonerius.

7        9.5      Defendants made numerous false and material misrepresentations that, *inter*

8   *al*ia, the Sonerius were responsible for a certain amount, when the Sonerius were not

9   responsible for the claimed amount, nor could they be under Washington law.

10       9.6      Defendants harassed the Sonerius by engaging in the above-described actions.

11       9.7      Defendants' actions have resulted in severe emotional distress and/or garden

12  variety emotional distress for the Sonerius, and Yalnes' refusal to stop contacting them

13  instead of contacting their counsel, and Defendants' insistence on attempting to coerce fees

14  not legally owned, and reckless disregard for the Sonerius' personal reputation has caused a

15  significant deterioration of the Sonerius' physical and mental health.

16

## X.   INJUNCTIVE RELIEF

17       10.1     A plaintiff may seek injunctive relief for violations of the CPA. RCW

18  19.86.090.

19       10.2     The Sonerius seek an Order enjoining Defendants from collecting debts in the

20  unlawful manner described above from both the Sonerius and any other person similarly

21  situated. *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853 (2007).

22

23

COMPLAINT - 33

24

**B**  LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480      T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

10.3    The Sonerius also seek an Order enjoining Defendants from the above-described unlawful activities under the CPA.

10.4    The Sonerius have reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

10.5    Injunctive relief is necessary to prevent further injury to the Sonerius and to the general public.

10.6    Accordingly, the Court should issue the requested injunctive relief.

## XI.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

11.1    Defendants harassed the Sonerius by engaging in the above-described actions.

11.2    Judgment against Defendants for actual damages;

11.3    Statutory damages of $1,000.00 for FDCPA violations;

11.4    Statutory damages of $2,000.00 against P&M for each *per se* CPA violation of WCAA and FDCPA: at least $94,000.00 in damages over the course of forty seven (47) *per se* CPA violations and $62,000.00 in damages over the course of thirty one (31) separate CPA violations, totaling $156,000.00 in damages.

11.5    Statutory damages of $2,000.00 against Yalnes for each *per se* CPA violation of WCAA and FDCPA: at least $50,000.00 in damages over the course of twenty five (25) *per se* CPA violations and $34,000.00 in damages over the course of seventeen (17) separate CPA violations, totaling $84,000.00 in damages.

11.6    Treble damages under RCW 19.86.090, calculated from the damages determined by the court;

COMPLAINT - 34

**B** LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480      T: 425.582.5200
Mountlake Terrace, WA 98043  F: 425.582.2222

11.7    Award of reasonable attorney fees and reimbursement of all costs for the prosecution of this action under RCW 19.86.090 and 15 U.S.C. §1692k(a)(3);

11.8    Disgorgement pursuant to RCW § 19.16.450 of all interest, service charges, attorney fees, collection costs, delinquency charges, or any other fees or charges otherwise legally chargeable to the debtor on such claim, collected by Defendants from Plaintiffs;

11.9    Injunctive relief under RCW 19.86.090 as described above;

11.10    Punitive damages as applicable; and

11.11    Such other and further relief as the court deems just and proper.

## XII.    TRIAL BY JURY

12.1    Pursuant to the seventh amended to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

DATED this 16th day of June, 2017.

**BORIS DAVIDOVSKIY, P.S.**

/s/ Boris Davidovskiy
_____
Boris Davidovskiy, WSBA #50593
Law Office of Boris Davidovskiy, P.S.
6100 219th Street SW, Suite 480
Mountlake Terrace, WA 98043
Telephone: (425)582-5200
Fax: (425)582-5222
E-mail: boris@davidovskiylaw.com
Attorney for Plaintiffs

COMPLAINT - 35

LAW OFFICE OF
**BORIS DAVIDOVSKIY, P.S.**
ATTORNEY & COUNSELOR

6100 219th Street, Suite 480     T: 425.582.5200
Mountlake Terrace, WA 98043   F: 425.582.2222